**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **MAGISTRATE NO. 05-599-M** |
| **PETER ANTHONY GRANT** | : | |

GOVERNMENT'S MOTION AND MEMORANDUM FOR
HEARING AND DEFENDANT'S PRETRIAL DETENTION

The United States of America, by Patrick L. Meehan, United States Attorney for

the Eastern District of Pennsylvania, and Wendy A. Kelly, Assistant United States Attorney for

the district, moves for a detention hearing and pretrial detention of the defendant pursuant to 18

U.S.C. § 3142(e). [1]   The government seeks this Order, because no condition or combination of

conditions will reasonably assure the defendant's appearance as required.  [2]

A.  THE FACTS

In support of this motion, the government makes the following representations regarding

the evidence in this case.

1.  There is strong evidence to believe that the defendant has violated 18 U.S.C.

§611 and §911, as charged by criminal complaint on June 1, 2005.

2.  The defendant was previously issued an outstanding warrant of deportation on

---

[1] Under 18 U.S.C. § 3142(f), a judicial officer shall hold a detention hearing upon motion of the government in a case, as here, which involves a serious risk that the person will flee, or that they pose a danger to the community.

[2]  The government must prove by a preponderance of the evidence that no conditions of release reasonably will assure the defendant's appearance <u>or</u> prove by clear and convincing evidence that no conditions of release will assure the safety of the community.  <u>United States v. Himmler</u>, 797 F.2d 156, 161 (3d Cir. 1986).

January 22, 1998, but he failed to appear for his immigration hearing. At that time he was identified as Peter Anthony Grant, with a date of birth of 1/18/68, and a place of birth of the United Kingdom.

3. On May 4, 2005 the Philadelphia Police notified the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), that the defendant was in custody, and they requested information on his immigration status. At approximately 4:15pm on that date, ICE Agents Michael Pausic and Kenneth Krauss interviewed the defendant. Initially, the defendant claimed that he was Noel Anthony Powell, with a date of birth of February 18, 1970, and that he had been born in Illinois. The defendant had identification on his person in the name of Noel Anthony Powell, specifically a Pennsylvania Driver's License, number 2707789, a Pennsylvania ID card, and a voter registration card.

4. Later, the defendant admitted that he was not a U.S. citizen, but was instead a citizen of Jamaica. He stated that his true name was in fact Noel Anthony Powell, with a date of birth of February 18, 1970, and that he was born in Kingston, Jamaica. He stated that when he was questioned by U.S. Immigration in 1998, he lied about his place of birth being the United Kingdom, and said that he was in fact a citizen of Jamaica.

5. On May 6, 2005, Administrator Robert Lee of the City of Philadelphia, Office of City Commissioners, Voter Registration Division, determined that the defendant registered to vote on April 9, 2001, simultaneous with his application for a Pennsylvania drivers license at the Department of Transportation. At that time, the defendant signed a sworn affidavit to establish his qualifications as an elector, which falsely claimed that he was a United States Citizen. It was also noted that the defendant voted in the May 21, 2002 Primary Election, the November 4, 2003

-2-

General Election and the November 2, 2004 General Election.  Records from the Voter

Registration Division which show that "Noel A. Powell" signed in on the aforementioned dates at

polling places which allowed him to then vote in the elections.

  B.  <u>MAXIMUM PENALTIES</u>

   1.  The defendant is charged with voting by an alien, under 18 U.S.C. §611,

which carries a maximum punishment of one year, a $250,000 fine, and a $100 special

assessment.  He is also charged with making a false claim of U.S. citizenship, in violation of 18

U.S.C. §911, which carries a maximum punishment of 3 years imprisonment, a $250,000 fine,

and 1 year of supervised release.

   2.  Under §2L2.2 of the Sentencing Guidelines, the defendant's conduct

places him at a level 8.  With no criminal history points, the defendant is facing 0-6 months

imprisonment.

  C.  <u>PRIOR CRIMINAL RECORD/DANGER TO THE COMMUNITY</u>

   1.  The defendant has no prior criminal history other than his 1998 failure to

report for deportation..

   2.  However, the defendant's conduct was a deliberate attempt to unlawfully

remain in the United States under an assumed name, and to obtain the benefits of being a U.S.

citizen without lawfully obtaining citizenship.

  D.  <u>TIES TO THE COMMUNITY</u>

   1.  The defendant has ties to the Eastern District of Pennsylvania as a result of

the over five years he has spent here illegally.

   2.  The defendant is a Jamaican national.  Were he to flee, the government

would have to seek extradition.

3.    Under the United States-Jamaican Extradition Treaty, dual criminality is required for extradition, and consequently, extradition is extremely unlikely.

E.  CONCLUSION

The defendant has committed crimes relating to a claim of U.S. citizenship.  He has lived in the United States under a false identity for years.   He is extremely likely to flee if released on bail and to return to Jamaica to avoid prosecution.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


WENDY A. KELLY
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA  :

   **v.**      : **MAGISTRATE NO. 05-599-M**

PETER ANTHONY GRANT   :

**PRETRIAL DETENTION ORDER**

AND NOW, this  day of   , 2005, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court FINDS that:

(a)  the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

The Court MAKES the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

A.  <u>THE EVIDENCE IN THIS CASE</u>

1. There is strong evidence to believe that the defendant has violated 18 U.S.C. §§611 and 911, as charged by criminal complaint.

2.  The defendant was previously issued an outstanding warrant of deportation on January 22, 1998, but he failed to appear for his immigration hearing.  At that time he was identified as Peter Anthony Grant, with a date of birth 1/18/68, and a place of birth of the United Kingdom.

3.  On May 4, 2005 the Philadelphia Police notified the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), that the defendant was in custody, and they requested

information on his immigration status.  At approximately 4:15pm on that date, ICE Agents Michael Pausic and Kenneth Krauss interviewed the defendant.  Initially, the defendant claimed that he was Noel Anthony Powell, with a date of birth of February 18, 1970, and that he had been born in Illinois.  The defendant had identification on his person in the name of Noel Anthony Powell, specifically a Pennsylvania Driver's License, number 2707789, a Pennsylvania ID card, and a voter registration card.

4.  Later, the defendant admitted that he was not a U.S. citizen, but was instead a citizen of Jamaica.  He stated that his true name was in fact Noel Anthony Powell, with a date of birth of February 18, 1970, and that he was born in Kingston, Jamaica.  He stated that when he was questioned by Immigration in 1998, he lied about his place of birth being the United Kingdom, and said that he was in fact a citizen of Jamaica.

5.  On May 6, 2005, Administrator Robert Lee of the City of Philadelphia, Office of City Commissioners, Voter Registration Division, determined that the defendant registered to vote on April 9, 2001, simultaneous with his application for a Pennsylvania drivers license at the Department of Transportation.  At that time, the defendant signed a sworn affidavit to establish his qualifications as an elector, which falsely claimed that he was a United States Citizen.  It was also noted that the defendant voted in the May 21, 2002 Primary Election, the November 4, 2003 General Election and the November 2, 2004 General Election.  Records from the Voter Registration Division which show that "Noel A. Powell" signed in on the aforementioned dates at polling places which allowed him to then vote in the elections.

B.  <u>EVIDENCE OF RISK OF FLIGHT/MAXIMUM PENALTIES</u>

1.    The defendant is a Jamaican National.  Were he to flee, extradition would have to be sought, and would be unlikely due to issues with dual criminality.

2.    The defendant is charged with violations of U.S. laws concerning citizenship and

immigration status.  He has apparently lived for over 5 years using a false identity.

3. Accordingly, the defendant has an incentive to flee.

C. PRIOR CRIMINAL RECORD/DANGER TO THE COMMUNITY

1. The defendant has no prior convictions.

2. However, the defendant's conduct was a deliberate attempt to live in the United States under an assumed name and to have the benefits of U.S. citizenship without having to go through a lawful naturalization process.   He was able to successfully obtain false identification, which makes it even more likely that he may flee.

3. Therefore, I conclude that the government has presented facts which clearly establish to the court that the defendant's appearance in court cannot be assured unless it detains the defendant in custody.

Therefore, it is ORDERED that:

(1) the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal once his current sentence is completed;

(2) the defendant be afforded reasonable opportunity for private consultation with counsel; and;

(3)  on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver

the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____

THOMAS J. RUETER
United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

_____I certify that on this day I served or caused a copy of the government's detention motion to be served, electronically, and by mail addressed to:

Louis T. Savino, Esq.
Two Penn Center Plaza, Suite 1516
15th Street and JFK Blvd.
Philadelphia, PA 19102
Fax: 215-568-1995


_____
WENDY A. KELLY
Assistant United States Attorney

June 9, 2005